UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BLOMQUIST; COLETTE BLOMQUIST,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GMAC MORTGAGE; UNION FIDELITY MORTGAGE, INC.; MORTGAGEIT, INC.; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.; EXECUTIVE TRUSTEE SERVICES, LLC; GEORGE ROBERT PAUL; RANDOLPH BERKELEY MARTIN; CASEY SLEVIN,<br><br>　　　　　Defendants. | 2:09-cv-00891-GEB-EFB<br><br><u>ORDER TO SHOW CAUSE</u><br><u>AND CONTINUING STATUS</u><br><u>(PRETRIAL SCHEDULING)</u><br><u>CONFERENCE</u> |

　　　　An Order Setting Status (Pretrial Scheduling) Conference was filed April 1, 2009 ("April 1 Order"), in which a status conference was scheduled in this case for July 13, 2009; and, a joint status report was required to be filed no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

　　　　Therefore, Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on August 10, 2009, why

1

sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.  The written response shall also state whether Plaintiffs or their counsel are at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on August 24, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the April 1 Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  July 7, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).