IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK BLOMQUIST; COLETTE BLOMQUIST, | ) ) ) | 2:09-cv-00891-GEB-EFB |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER CONCERNING OSC |
| TIMOTHY BUEGE; YORKTOWN ARMS APARTMENTS; TC PROPERTY MANAGEMENT; MICHAEL GAVIN; JOSE DIVAS; SHERRY MONTGOMERY; MARY BUCHANAN; JEWELL FOWLER; JULIE CHRISTIAN; JERRY THIXTON; ROYCE THIXTON, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

       This is one of five cases on the same status conference calendar involving a lawyer who failed to file a timely status report. Plaintiffs and their counsel were issued an OSC for this failure on July 8, 2009. Plaintiffs' counsel states in his response to the OSC that he cannot determine the reason for his mistake, but the issue will not come up again.

       The issue should not come up again because "[t]he cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure

1

. . . ." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d at 1241, 1244 (9th Cir. 1998). A sanction may be imposed under Federal Rule of Civil Procedure 16(f) unless the judge finds the noncompliance with a filing requirement "was substantially justified or that other circumstances" show it should not issue. See Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him"); Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 . . . .").

The primary purpose of sanctions in the Rule 16 context "is to insure reasonable management requirements for case preparation." Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984); see also 1983 Advisory Committee Notes to Fed. R. Civ. P. 16(f) ("[The] explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management."). Thus, violations of Rule 16 are not merely technical or trivial, but involve a "matter most critical to the court itself: management of its docket," and the avoidance of unnecessary delays and problems in the administration of its cases. Baker, 744 F.2d at 1441.

It behooves counsel to comply with court orders. As the First Circuit observed in Legault v. Zambrano, 105 F.3d 24, 28 (1st Cir. 1997), "the trial judge has an independent responsibility to enforce the directives he has laid down for the case."

> Rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and

```
          demanding adherence to announced deadlines.  If he
          or she sets a reasonable due date, parties should
          not be allowed casually to flout it or painlessly
          to escape the foreseeable consequences of
          noncompliance.
```

Id. At 29 (citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)).

Dated: August 19, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge