IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FREDERICK BLOMQUIST and COLETTE BLOMQUIST,<br><br>         Plaintiffs,<br><br>     v.<br><br>GMAC MORTGAGE; UNION FIDELITY MORTGAGE, INC.; EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GEORGE ROBERT PAUL; RANDOLPH BERKELEY MARTIN; CASEY SLEVIN, and DOES 1-20 inclusive,<br>         Defendants. | 2:09-cv-00891-GEB-EFB<br><br>ORDER[*] |

Defendants GMAC Mortgage ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and ETS Services, LLC ("ETS") filed a motion on June 30, 2009, in which they state they seek dismissal with prejudice of all claims in Plaintiffs' First Amended Complaint ("FAC") against them. (Defs' Notice of Mot. 2:1-5.)

**I. CLAIMS AND FACTUAL ALLEGATIONS**

Plaintiffs allege federal claims against Defendant GMAC under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, and the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605.

---

[*] This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 230(h).

1  Plaintiffs also allege the following claims against Defendants GMAC,
2  MERS, and ETS (collectively "Defendants" or "movants"): violation of
3  the Rosenthal Act, violation of Business & Professions Code § 17200,
4  negligence, fraud, breach of implied covenant of good faith and fair
5  dealing, wrongful foreclosure, quiet title, set side of the trustee's
6  sale, and cancellation of the trustee's deed.  However, Defendants
7  have not moved for dismissal of Plaintiffs' negligence claim.
8  Further, Defendants seek dismissal of Plaintiffs' breach of contract,
9  RICO, and breach of fiduciary duty claims, even though these claims
10 are not alleged against the movants; therefore, this portion of the
11 motion is denied as moot.
12         Plaintiffs' claims concern a "consumer credit transaction"
13 which Plaintiffs allege closed on or about June 12, 2007 (hereinafter
14 "subject loan" or "loan"), and the subsequent foreclosure on
15 Plaintiffs' residence, which secured the loan by a deed of trust
16 (hereinafter the "subject property").  (FAC ¶¶ 17, 32, 39.) Plaintiffs
17 allege a notice of default on the loan was filed in Placer County,
18 California on July 21, 2008, and that on or about November 3, 2008,
19 Defendant ETS sent Plaintiffs a Notice of the Trustee Sale. (Id. ¶¶
20 47.)  Plaintiffs allegedly entered an agreement with Defendant GMAC to
21 refinance the loan on or about November 20, 2008 (Id. ¶ 34.)
22 Plaintiffs allege they paid Defendant GMAC $8,000 dollars to modify
23 the loan, and on December 20, 2008 Plaintiffs paid an additional
24 $2,000 to Defendant GMAC, who accepted the money and "advised
25 Plaintiffs that the terms of the loan modification and repayment plan
26 would be sent to them."  (Id.)  However, Plaintiffs allege no
27 refinance loan documents have been sent to them, and Defendant ETS
28 subsequently sold the subject property at a trustee's sale on March 3,

2

2009, without right and not in accordance with California law. (Id. ¶¶ 34, 46, 48.)  Plaintiffs allege on March 31, 2009 they sent Defendant GMAC a Qualified Written Request under RESPA "which included a demand to cancel the pending Trustee Sale and to rescind the loan under TILA, to which GMAC has not yet responded. (Id. ¶ 35.)

## II. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  To avoid dismissal, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When considering a dismissal motion, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  However, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1940 (2009).

Defendants request that judicial notice be taken of the following documents which are attached to their motion since the documents are referenced in Plaintiffs' FAC: the Deed of Trust, the Notice of Default and Election to Sell, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale.  (Request for Judicial Notice ("RFJN"), Ex. A, C, D, E .)  Plaintiffs do not dispute this request. Although a court may generally consider only allegations contained in a complaint, exhibits attached to the complaint, and matters properly subject to judicial notice when ruling on a 12(b)(6) motion, "a court may [also] consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the

1  document and its authenticity is unquestioned." Swartz v. KPMG LLP,
2  476 F.3d 756, 763 (9th Cir. 2007) (internal citation and quotations
3  omitted).  Since the documents in Defendants' request are referenced
4  in the FAC, the Court considers the documents under the "incorporation
5  by reference" doctrine. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th
6  Cir. 2005)(internal citation and quotations omitted).

7        The Deed of Trust ("Deed") on the subject property is dated
8  June 12, 2007 and shows Plaintiffs secured a $582,000.00 loan on the
9  subject property, plus interest, which was to be paid in regular
10 periodic payments, and in full by July 1, 2047. (RFJN Ex. A.)  The
11 Deed names Plaintiffs as Borrowers, Union Fidelity Mortgage, Inc. as
12 Lender, Southland Title as Trustee, and Defendant MERS as Beneficiary.
13 (Id.)  The Notice of Default and Election to Sell shows Plaintiffs
14 were in default of the loan in the amount of $7,898.65 as of July 21,
15 2008. (RFJN Ex. C.)  The Notice of Trustee's Sale on the subject
16 property is dated October 29, 2008 and is accompanied with a signed
17 declaration of statutory compliance. (RFJN Ex. D.)  The Trustee's Deed
18 Upon Sale shows the trustee's sale occurred March 3, 2009.  (RFJN Ex.
19 E.)  The Trustee's Deed Upon Sale states Defendant ETS, as the
20 substituted Trustee, granted Defendant GMAC, the new Trustee, the Deed
21 of Trust after Defendant GMAC paid $454,500.00 for the subject
22 property.  (RFJN Ex. E.)

23       Defendants also request that judicial notice be taken of
24 the "Substitution of Trustee relating to the Deed of Trust" ("Trustee
25 Substitution") and the "California Business Portal website maintained
26 by the California Secretary of State" ("California business website"),
27 which are not referenced in Plaintiffs' FAC.  (RFJN Ex. B, F.)
28 Plaintiffs do not oppose the request.

4

1           Matters properly subject to judicial notice are facts "not
2  subject to reasonable dispute [, meaning they are] either (1)
3  generally known within the territorial jurisdiction of the trial court
4  or (2) capable of accurate and ready determination by resort to
5  sources whose accuracy cannot reasonably be questioned." FED.R.EVID.
6  201(b).  Defendants' request for judicial notice is granted since the
7  authenticity of what is requested to be judicially noticed is public
8  information that is not disputed.  See Kozy v. Countrywide Home Loans,
9  No. 09-cv-00621-OWW-GSA, 2009 WL 4250412, at *6, n. 2 (E.D. Cal.
10 November 18, 2009) (taking judicial notice of a publicly recorded loan
11 document); O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225
12 (10th Cir. 2007) ("It is not uncommon for courts to take judicial
13 notice of factual information found on the world wide web.")
14          The Substitution of Trustee was publically recorded in
15 Placer County, California on July 21, 2008, and shows that Defendant
16 ETS replaced Southland Title as the new Trustee of the loan as of July
17 18, 2008.  (RFJN Ex. B.)  The "California Business Portal website
18 maintained by the California Secretary of State" shows "Mortgage
19 Electronic Registration Systems, Inc.," was registered to do business
20 in California as of June 1, 2009.  (RFJN Ex. F.)  Defendants argue
21 this website is provided to counter Plaintiffs' allegation that
22 Defendant MERS was not registered to do business in California at the
23 time of the loan closing on June 12, 2007. (Def's Mot. 10:4-11:3.)

### III. ANALYSIS

**A. TILA claims**

26          Defendants argue Plaintiffs' claim for rescission of the
27 loan under TILA, based on the nondisclosure of loan documents,
28 terminated when the subject property was sold at the trustee's sale on

March 3, 2009. (Defs' Mot. 4:16-19). The Trustee's Deed Upon Sale shows the subject property was sold on March 3, 2009. (RFJN Ex. E.) Under 15 U.S.C. § 1635(f) of the TILA, "an obligor's right of rescission shall expire . . . upon the sale of the property . . . ." 15 U.S.C. § 1635(f) (emphasis added). Since the subject property was sold on March 3, 2009, that sale "terminate[d] any right of rescission under TILA." Nool v. HomeQ Servicing, No. 1:09-CV-0885 OWW DLB, 2009 WL 2905745 (E.D. Cal. Sept. 4, 2009); see also Pagsolingnan v. Downey Savings and Loan Association F.A., No. C 09-2709 SI, 2009 WL 3681647, at *1 (N.D. Cal. Nov. 2, 2009)(dismissing without leave to amend since "Plaintiffs' claim for rescission under TILA [was] mooted by the foreclosure sale of the property."); Hallas v. Ameriquest Mortg. Co., 406 F.Supp.2d 1176, 1183 (D.Or. 2005) (finding "the foreclosure sale has terminated Plaintiff's right of rescission.") Therefore, Plaintiffs' TILA claim for rescission is dismissed with prejudice.

Defendants also seek dismissal of Plaintiffs' TILA claim for statutory damages, arguing TILA's one year statute of limitations period expired June 12, 2008, since the loan closed on June 12, 2007. (Defs' Mot. 6:14-19, RFJN Ex. A.) Plaintiffs counter this argument by pointing to allegations in their FAC, in which they allege the doctrine of equitable tolling suspends the statute of limitations. Defendants failed to address the tolling allegations in Plaintiffs' FAC or Plaintiffs' tolling argument. Therefore, this portion of Defendants' motion is denied.

Defendant GMAC also makes an unpersuasive conclusory argument that it is not a "creditor" and therefore cannot be held liable under TILA. This portion of the motion is also denied.

**B. RESPA claims**

Defendants also seek dismissal of Plaintiffs' four RESPA claims, which are addressed in turn below.

### i. RESPA disclosures

Defendants contend Plaintiffs' RESPA disclosure claim should be dismissed since it is conclusory and devoid of facts. (Defs' Mot. 7:7.) Plaintiffs allege Defendants violated RESPA "at the time of the closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements." (FAC ¶ 77). Since Plaintiff's allegations fail to "identify what information, if any, [the Defendants] failed to disclose or [the information that Defendants] inaccurately disclosed," this claim is dismissed. Champlaie, 2009 WL 3429622, at *16.

### ii. Qualified Written Request

Defendants also argue Plaintiffs' Qualified Written Request ("QWR") claim alleged under RESPA fails since Plaintiffs have not pled they sought specific information concerning the loan in the QWR. (Defs' Mot. 7:16-8:15.) Plaintiffs allege Defendant GMAC violated RESPA by not responding to their QWR, which Plaintiffs allege was sent on March 31, 2009, with a demand to cancel the pending trustee sale and to rescind the loan under TILA. (FAC ¶¶ 35, 78.)

A QWR is a request for specific "information relating to the servicing of [federally regulated mortgage loans]" when the borrower believes "the account is in error;" the borrower must "provide[] sufficient detail to the servicer regarding other information sought . . ." 12 U.S.C. § 2605(e)(1)(A), (b)(ii). Plaintiffs have not alleged they requested information in the QWR concerning service of

the loan or their account.  Therefore, Plaintiff's RESPA claim concerning the QWR is dismissed.

### iii.  Mortgage servicer provisions of RESPA

Defendants contend Plaintiffs' RESPA mortgage servicer claim is not cognizable since Plaintiffs have failed to allege Defendants are loan servicers.  (Defs' Mot. 7:11-15.) Plaintiffs merely allege that Defendants violated "the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605." (FAC ¶ 79.) "Servicer" is defined in the RESPA statute as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). Plaintiffs' allegation fails to state a claim since Plaintiffs "make[] no allegations that [Defendants were] ever . . . servicer[s] of [the] loan." Permpoon v. Wells Fargo Bank Nat. Ass'n, No. 09-CV-01140-H,(BLM), 2009 WL 3214321, at *10 (S.D. Cal. September 29, 2009).  Therefore, this claim is dismissed.

### iv.  RESPA statutory damages

Defendants argue that Plaintiffs' claim for monetary damages under RESPA is time-barred by RESPA's one year statute of limitations. (Defs Mot. 7:7-15.)  However, since all of Plaintiffs' RESPA claims have been dismissed, Plaintiffs' claim for RESPA statutory damages is also dismissed.

## C. California Rosenthal Fair Debt Collections Practices Act claim

Defendants argue that Plaintiffs' claims under the California Rosenthal Fair Debt Collections Practices Act, California Civil Code § 1788, ("Rosenthal Act") do not state viable claims against them, because the Rosenthal Act only applies to debt collection, which is different from foreclosure on an interest in

property, and that even if Defendants are subject to the Rosenthal Act, Plaintiffs have made conclusory fraud allegations which fail to satisfy Rule 9(b)'s heightened pleading standards. (Defs' Mot. 9:1-22.)  Defendants also argue since Defendant ETS is a "trustee," ETS is statutorily immune from liability under California Civil Code 2924(b).

Plaintiffs allege Defendants violated the Rosenthal Act by "threaten[ing] to take actions not permitted by law, including but not limited to:"

> (1) foreclosing upon a void security interest;
> (2) foreclosing upon a note of which they were not in possession nor otherwise entitled to payment;
> (3) falsely stating the amount of a debt;
> (4) increasing the amount of a debt by including amounts that were not permitted by law or contract;
> (5) and using unfair and unconscionable means in an attempt to collect a debt.

(FAC ¶ 64.)

"Foreclosure on a property as security on a debt is not debt collection activity encompassed by the Rosenthal Act." Champlaie, 2009 WL 3429622, at *18; see also CAL. CIVIL CODE 1788.2(c)("The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection . . . .")  Therefore, Plaintiffs' allegations that Defendants violated the Rosenthal Act by "foreclosing upon a void security interest" and by "foreclosing upon a note of which they were not in possession nor otherwise entitled to payment" fail to state a claim and are dismissed.

Further, Plaintiffs' allegation that Defendants "falsely stat[ed] the amount of a debt" sounds in fraud, and thus is "subject to Rule 9(b)'s heightened requirements." Champlaie, 2009 WL 3429622, at *19.  "Averments of fraud must be accompanied by the who, what,

9

1 when, where, and how of the misconduct charged." Vess v. Ciba-Geigy
2 Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)(internal quotations and
3 citation omitted).  Since Plaintiffs' third allegation fails to
4 satisfy Rule 9(b)'s heighten pleading standard, it is dismissed.
5      Finally, Plaintiffs' allegations that Defendants
6 "increa[sed] the amount of debt" in violation of the law and "us[ed]
7 unfair and unconscionable means to . . . collect [the] debt" fail to
8 state facts sufficient to withstand Defendants' motion to dismiss.
9 Legal "conclusions, and a formulaic recitation of the elements of a
10 cause of action will not do." Twombly, 550 U.S. at 555.  Therefore,
11 Plaintiffs fourth and fifth allegations under the Rosenthal Act are
12 dismissed.
13      Since Plaintiffs' Rosenthal Act claim is dismissed,
14 Defendant ETS's statutory immunity defense is not addressed.

15 **D.  Fraud claims**

16      Defendants argue Plaintiffs have failed to plead their
17 fraud claims with heightened specificity required under Rule 9(b).
18 (Defs' Mot. 22:1-8).  Plaintiffs allege fraud claims against all
19 Defendants in this case collectively, alleging Defendants "made
20 several representations to Plaintiff with regard to material facts,"
21 which were false, and "knew . . . these material representations were
22 false when made, or . . . made [the representations] with reckless
23 disregard for the truth." (FAC ¶¶ 93-95.)
24      Plaintiffs have not stated "with particularity the
25 circumstances constituting fraud or mistake" so that Defendants are
26 provided notice of Plaintiffs' allegations.  FED.R.CIV.P. 9(b).  Even
27 though Plaintiffs reference specific allegations of fraud in other
28 parts of the FAC, "Plaintiff[s'] shotgun incorporation of allegations

10

by reference fails to provide the notice required by Rule 9." <u>Champlaie</u>, 2009 WL 3429622, at *21.  Therefore, Plaintiffs' fraud claims are dismissed.

**E. Breach of implied covenant of good faith and fair dealing claim**

Defendants contend Plaintiffs' claim for breach of implied covenant of good faith and fair dealing fails because Plaintiffs have not alleged the existence of a contractual relationship with Defendants.  (Defs' Mot. 16:14-19.)

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."  <u>Smith v. City and County of San Francisco</u>, 225 Cal.App.3d 38, 49 (1990) (internal references omitted).  Plaintiffs allege "[a] duty of good faith and fair dealing was implied by law into the contract" of the loan between Plaintiffs and Defendants.  (FAC ¶ 112.)  However, Plaintiffs' allegations are too conclusory to allege a contract exists between Plaintiffs and any movant.  Therefore, this claim is dismissed.

**F. Wrongful foreclosure claim**

Defendants argue Plaintiffs' wrongful foreclosure claim is insufficient to state a claim because it is premised on the false allegations that MERS had no authority to conduct the nonjudicial foreclosure sale at issue, and Defendants did not have physical possession of the secured promissory note at the time of the trustee sale.  (Defs' Mot. 11:6-15:1.)  Possession of the note was not required.  <u>See</u> <u>Champlaie</u>, 2009 WL 3429622, at * 13-14 (stating possession of the note is not required for non-judicial foreclose on a property.)

11

1          The California business website of which judicial notice has
2    been taken reveals that remainder of Plaintiffs' allegations
3    challenging Defendant MERS's authority concern two entities named
4    MERS: the California business website shows that one of these entities
5    is a California corporation, and the Deed of Trust shows that
6    Defendant MERS is a Delaware corporation.  Since Plaintiffs'
7    allegations conflate these entities, Plaintiffs do not show Defendant
8    MERS lacked authority.  Therefore, these portions of Plaintiffs'
9    wrongful foreclosure claim are dismissed.
10          Plaintiffs allege Defendants "failed to properly record and
11   give notice of the Notice of Default . . . as provided by California
12   Civil Code section [2923.5(b)], and failed to give a subsequent notice
13   of default after entering into an agreement [with Plaintiffs] to
14   modify the terms of the mortgage." (FAC ¶ 125).  However, Plaintiffs
15   have not alleged facts showing they were entitled to a second Notice
16   of Default, or that this is a claim for which relief could be granted.
17   Therefore, this portion of Plaintiff's wrongful foreclosure claim is
18   dismissed.
19          Lastly, Plaintiffs allege that Defendant GMAC
20   received money from the Troubled Asset Relief Program ("TARP"),
21   Defendant GMAC and is therefore subject to the "Making Home Affordable
22   Program" ("MHAP"), and was obligated to "suspend the foreclosure
23   action to allow for consideration of alternative foreclosure
24   prevention options."  (FAC ¶¶ 127-130.)  Defendants counter this
25   argument fails since Plaintiffs have not alleged that the MHAP is
26   binding on Defendant GMAC, and even if it is binding, the foreclosure
27   of Plaintiffs' residence occurred on March 3, 2009, a day before MHAP
28   became effective on March 4, 2009. (Defs' Mot. 14:18-27.)

12

Even if Defendant GMAC participated in the MHAP and the MHAP was in existence before the sale of the subject property, "Plaintiff[s] fail[] to show how participation in [MHAP] gives rise to a private cause of action." <u>Gaitan v. Mortgage Electronic Registration Systems</u>, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *13 (C.D.Cal. October 5, 2009). Further, even if provisions of TARP are binding on Defendant GMAC, "there is no express private right of action against TARP fund recipients." <u>Pantoja v. Countrywide Home Loans, Inc.</u>, 640 F.Supp.2d 1177, 1185 (N.D. Cal. 2009).

> In creating TARP, Congress gave a private right of action to those specifically harmed by TARP to challenge the actions of the Secretary. 12 U.S.C. § 5229. This right of action is limited to causes of action to which there is no other adequate remedy in court. 5 U.S.C. § 704. ***These provisions give those affected directly by the Secretary's action to bring a case in court against him, but nowhere in the judicial review section is there a mention of a right of action against non-governmental entities.***
>
> [ . . . ]
>
> [Further,] the Court finds that 12 U.S.C. § 5229(b)(1) shows Congress' intent to limit private action under TARP solely to actions against the Secretary as provided in § 5229, and not extend any obligations or liabilities to those receiving TARP funds. ***Thus, the Court finds that there is no implied private right to sue fund recipients under TARP.***

<u>Id.</u> (emphasis added.) Therefore, Plaintiffs' allegation that Defendant GMAC violated the MHAP and TARP fails to state a claim for which relief can be granted.

**G. Quiet title claim**

Defendants contend that Plaintiffs' claim to quiet title

fails because Plaintiffs have not alleged they have an interest in the subject property and Plaintiffs cannot make such a claim since the subject property was sold. (Defs' Mot. 18:23-25.) Plaintiffs allege "Defendants claim an interest adverse to Plaintiffs' interest in the Property, in the form of the Deed of Trust recorded pursuant to the loan transaction and the Trustee's Deed recorded pursuant to the foreclosure sale . . . ." (FAC ¶ 134.) "[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure. Plaintiff[s'] claim to title has already been extinguished." Distor v. U.S. Bank NA, 2009 WL 3429700, at *6 (N.D. Cal. October 22, 2009). Therefore, this claim is dismissed.

**H. Claims to set aside the Trustee's Sale and to cancel the Trustee's Deed**

Defendants argue that Plaintiffs' claim to set aside the trustee's sale and to cancel the trustee's deed should be dismissed because Plaintiffs have not tendered the amount due. (Defs' Mot. 15:6-7.)

"It is well-settled that '[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" Razawi v. F.D.I.C., No. 2:09-cv-00985-MCE-JFM, 2009 WL 2914120, at *7 (E.D. Cal. September 9, 2009)(citing Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971)). Also, "cancellation of a written instrument [requires] a plaintiff [to] offer to restore all benefits received from the transaction, less damages suffer." Id. (referencing Ebbert v. Mercantile Trust Co. of Cal., 213 Cal. 496, 501 (1931)).

   Since Plaintiffs have not alleged they have tendered the amount due, the claims to set aside the trustee's sale and to cancel the trustee's deed are dismissed.

## I. California Business & Professions Code § 17200 claim

   Defendants argue that Plaintiffs' claim under the California Business and Professions Code section 17200 fails because Plaintiffs have not alleged the "terms of the specific law or laws violated." (Defs' Mot. 20:17-19.)  Plaintiffs allege "that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code section 17200, by engaging in unlawful, unfair, and fraudulent business practices alleged herein." (FAC ¶ 101.)

   "A plaintiff alleging unfair business practices under [this] statute[] must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993).  Since Plaintiffs allege facts supporting their TILA statutory damages claim, this portion of Defendants' motion is denied.

### IV.  CONCLUSION

   For the stated reasons, Defendants' motion is granted and denied in part.  Plaintiffs have ten (10) days from the date on which this order is filed to file an amended complaint to address the deficiencies discussed above, except as to the claims dismissed with prejudice. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658

//

//

//

15

1  (9th Cir. 1992) (stating leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.")

Dated:   December 15, 2009

                                      GARLAND E. BURRELL, JR.
                                      United States District Judge