1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   COLETTE Y. BLOMQUIST and FEDERICK    )
    H. BLOMQUIST,                        )
8                                        )
                Plaintiffs,              )    2:09-cv-00891-GEB-EFB
9                                        )
            v.                           )    ORDER DISMISSING PLAINTIFFS'
10                                       )    FEDERAL CLAIMS AND DECLINING
    GMAC MORTGAGE; UNION FIDELITY        )    EXERCISE OF SUPPLEMENTAL
11  MORTGAGE, INC.; EXECUTIVE TRUSTEE    )    JURISDICTIONAL OVER PLAINTIFFS'
    SERVICES, LLC dba ETS SERVICES,      )    STATE CLAIMS*
12  LLC; MORTGAGE ELECTRONIC             )
    REGISTRATION SYSTEMS, INC.; UNION    )
13  FIDELITY MORTGAGE INC. dba UNION     )
    FIDELITY MORTGAGE; GEORGE ROBERT     )
14  PAUL; RANDOLPH BERKELEY MARTIN;      )
    CASEY SLEVIN, and DOES 1-20          )
15  inclusive,                           )
                                         )
16              Defendants.              )
                                         )
17  ─────────────────────────────────────)

18          On February 19, 2010, Plaintiffs filed a statement of non-

19  opposition to a motion seeking dismissal of Plaintiffs' "TILA and

20  RESPA causes of action" in Plaintiffs' Second Amended Complaint

21  ("SAC").  (Non-Opp'n 1:25-28.)  Plaintiffs include in their non-

22  opposition statement a "request that these causes of action be

23  dismissed without prejudice."  (Id. 2:1.)  Therefore, Plaintiffs' TILA

    and RESPA claims are dismissed without prejudice.
24
            Since this dismissal terminates all federal claims in
25
    Plaintiffs' SAC, the Court decides whether it should continue
26

27  ──────────────

28         *    This matter is deemed to be suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                     1

exercising supplemental jurisdiction over Plaintiffs' state claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

"Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ." Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims) (internal quotations and citations omitted). Therefore, Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). This case shall be closed.

Dated:  March 3, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge